UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:23-CV-22201-KMW

DASSAULT SYSTÈMES SOLIDWORKS
CORPORATION,

    Plaintiff,

v.

SAL AEROSPACE TECHNOLOGIES, INC.,
SAL AEROSPACE ENGINEERING, LLC,
MICHAEL SALOMON, and JOHN DOE,

    Defendants.
_____/

**DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE,
FOR MORE DEFINITE STATEMENT**

Defendants, SAL AEROSPACE TECHNOLOGIES, INC. ("SAL Aerospace"), SAL AEROSPACE ENGINEERING, LLC ("SAL Engineering"), and MICHAEL SALOMON ("Salomon") (collectively, the "Defendants"), by and through undersigned counsel, hereby file this Motion to Dismiss or, in the Alternative, for More Definite Statement, and in support thereof state as follows.

**MOTION TO DISMISS A SHOTGUN PLEADING**

Shotgun pleadings are "flatly forbidden" in the Eleventh Circuit. Barmapov v. Amuial, 986 F.3d 1321, 1324 (11th Cir. 2021). The Eleventh Circuit has identified four types or categories of impermissible shotgun pleadings, of which the first is relevant here. Specifically, "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Id. at 1324-25; see also Weiland v. Palm Beach County Sheriff's Office, 792 F3d 1313, 1321 n. 11 (11th Cir. 2015) (identifying twenty-one prior Eleventh Circuit decisions

admonishing as a shotgun pleading a complaint where each count adopts the allegations of the preceding counts).

The Complaint in this action is a quintessential example of a shotgun pleading. In Count II, paragraph 100 of the Complaint reads: "DS SolidWorks repeats and incorporates herein each of the preceding paragraphs." Similarly, in Count III, paragraph 111 reads: "DS SolidWorks repeats and incorporates herein each of the preceding paragraphs." By incorporating "each of the preceding paragraphs" into each successive count, Count II improperly incorporates Count I into the count. Similarly, Count III improperly incorporates Counts I and II into the count, such that it is a combination of the entire complaint. Under Eleventh Circuit jurisprudence, the Complaint constitutes an impermissible shotgun pleading and should be dismissed.

## MOTION FOR MORE DEFINITE STATEMENT

Alternatively, because the Complaint is devoid of pertinent information within Plaintiff's possession which is necessary for the Defendants to proffer an appropriate response and to identify applicable affirmative defenses thereto, Plaintiff should be ordered to amend its Complaint to address the foregoing deficiency, as well as to include the below requested additional information.

### Temporal Information

According to the Complaint, Plaintiff has identified 427 unauthorized uses of its software. See, e.g., Complaint, ¶ 18. Moreover, Plaintiff allegedly has identified the IP address used during the unauthorized uses, see, e.g., id. at ¶¶ 19, 30, 36, 44, 49, as well as Wi-Fi Geolocation data associated with the unauthorized uses, see, e.g., id. at ¶¶ 37, 45. Not included in the Complaint, however, is any reference to the dates of the alleged unauthorized uses. As discussed more fully below, this information is imperative in order for the Defendants to respond to the Complaint.

For instance, Defendants are unable to ascertain whether the three-year statute of limitations for copyright infringement precludes any or all of Plaintiff's claims for the alleged unauthorized uses. According to the Complaint, at least some, if not all, of the alleged unauthorized uses on Computers 2 and 4 occurred prior to June 30, 2020. See id. at ¶ 78. As such, the dates of the alleged unauthorized uses are highly pertinent to Defendants' ability to assert affirmative defenses to the claims asserted against them.

Moreover, according to paragraphs 76 and 77 of the Complaint, in 2016, the parties resolved an alleged earlier unauthorized use of Plaintiff's software by Defendants. As a result of this prior history, Plaintiff was on direct notice of the necessity of due diligence with respect to these Defendants, and clearly had the means of exercising it, such that it cannot rely on an argument of a "discovery rule" when calculating the applicable statute of limitations. See generally, LCL Theatres, Inc. v. Columbia Pictures Indus., Inc., 566 F.2d 494, 498 (5th Cir. 1978). As such, the actual dates of the alleged unauthorized uses are even more relevant.

Finally, the dates of alleged unauthorized uses are necessary for Defendants to investigate the claims. To date, Defendants have been unable to identify any computers within their possession, custody or control with the asserted MAC addresses. Because of the significant time gap between the beginning of the alleged unauthorized uses, i.e., prior to June 2020, to the date of actually filing the Complaint, June 2023, this information is necessary for Defendants to identify what other defenses they may have. For instance, Defendants regularly provide internships to local university engineering students, some of which may have student or other types of authorized licenses which are then used at Defendants' physical locations via Defendants' IP addresses. Defendants cannot even begin to investigate whether such a defense is available because they have no idea when these alleged unauthorized uses occurred.

Plaintiff's "monitoring technology" clearly has the means to identify the dates of the alleged 427 unauthorized uses. Plaintiff should be required to provide this information so that Defendants can ascertain the appropriate responses and affirmative defenses to the Complaint.

### Browsewrap License Information

According to paragraph 61 of the Complaint, "[d]uring the installation process of SOLIDWORKS, a link to a License Agreement is displayed on the screen of the computer." This clearly identifies a "browsewrap" form of license agreement. Under Florida law[1], browsewrap agreements are generally not enforceable. See Goldstein v. Fandago Media, LLC, 2021 WL 6617447 at *5 (S.D. Fla. Jul. 27, 2021). They will only be enforced when (i) the user has actual knowledge of the terms and conditions or (ii) the hyperlink to the terms and conditions is conspicuous enough to put a reasonably prudent person on inquiry notice. Id.

While the Complaint purports to attach the alleged terms and conditions associated with the referenced "link," Plaintiff does not include any information, e.g., screenshot, purporting to show the alleged link so that Defendants can ascertain whether the link is conspicuous enough so as to be on inquiry notice, as well as to identify any affirmative defenses with respect thereto. As such, Plaintiff should be compelled to attach a screenshot of the alleged "link" upon which the entirety of Count III is based.

### CONCLUSION

In conclusion, the Complaint must be dismissed as an impermissible shotgun pleading. Alternatively, Plaintiff should be compelled to amend its Complaint to remedy the shotgun pleading deficiency, as well as to include the requested temporal and browsewrap information

---

[1] Florida law, rather than Massachusetts choice of law provision on the alleged website link, applies to resolve contract formation issues. Fridman v. 1-800 Contacts, Inc., 554 F.Supp.3d 1252, 1259 (S.D. Fla. 2021).

identified above so that Defendants may properly assert appropriate responses and affirmative defenses.

WHEREFORE, Defendants respectfully request this Court grant this Motion to Dismiss, or in the Alternatively, for More Definite Statement, and grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

**OLIVE | JUDD**
*Attorneys for Defendants*
2426 East Las Olas Boulevard
Fort Lauderdale, Florida 33301
(954) 334-2250
(954) 334-2259 (f)

/s/ Benjamin E. Olive
Benjamin E. Olive, Esq.
Fla. Bar No.: 387983
bolive@olivejudd.com
Scott W. Dangler, Esq.
Fla. Bar No.: 429007
sdangler@olivejudd.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed via CM/ECF on July 13, 2023 and served on the parties of record by notice of electronic filing generated by CM/ECF.

/s/ Benjamin E. Olive
Benjamin E. Olive, Esq.
Fla. Bar No.: 387983
bolive@olivejudd.com