UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:23-CV-22201-KMW

DASSAULT SYSTÈMES SOLIDWORKS
CORPORATION,

    Plaintiff,

v.

SAL AEROSPACE TECHNOLOGIES, INC.,
SAL AEROSPACE ENGINEERING, LLC,
MICHAEL SALOMON, and JOHN DOE,

    Defendants.
_____/

## DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT, OR IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT

Defendants, SAL AEROSPACE TECHNOLOGIES, INC. ("SAL Aerospace"), SAL AEROSPACE ENGINEERING, LLC ("SAL Engineering"), and MICHAEL SALOMON ("Salomon") (collectively, the "Defendants"), by and through undersigned counsel, hereby file this Motion to Dismiss First Amended Complaint or, in the Alternative, for More Definite Statement, and in support thereof state as follows.

On June 14, 2023, Plaintiff filed its initial Complaint in this action. D.E. 1. On July 13, 2023, Defendants filed a Motion to Dismiss or, in the Alternative, for More Definite Statement. D.E. 13. As opposed to filing a response thereto, on July 27, 2023, Plaintiff instead filed its First Amended Complaint ("FAC"). D.E. 15. While the FAC does remedy the first deficiency identified in Defendant's earlier motion to dismiss, i.e., shotgun pleading, it either fails to address at all, or exacerbates, the other deficiencies identified in Defendants' earlier filed motion to dismiss. A defendant should not be forced to guess about the claims being asserted against it. See 201 N. New York Avenue Company, LLC v. U.S. Bank National Association, 2017 WL 11614675, * 3 (M.D.

Fla. Jan. 5, 2017). But that is exactly what Plaintiff seeks to do here with its FAC. As such, Defendants must again seek either dismissal of the FAC or, alternatively, a more definite statement concerning Plaintiff's alleged claims.

### **Erroneous or Missing Exhibits**

For instance, the FAC Exhibits are a mishmash of irrelevant documents unrelated to the purported causes of action. The simplest example of this relates to Exhibits 2 and 3. According to ¶¶ 39 and 40 of the FAC, Exhibits 2 and 3 purport to be Florida Secretary of State records pertaining to Sal Technologies and Sal Engineering, respectively. However, attached to the FAC as Exhibits 2 and 3 are, in fact, records concerning an unknown entity named Linear Engineering & Manufacturing Corp. Now, this is likely nothing more than a simple clerical error not warranting much attention. However, Plaintiff's inclusion of irrelevant exhibits does not stop there – and, in fact, the others are much more problematic.

In Defendants' earlier motion to dismiss, Defendants explained why Plaintiff was required to provide more information regarding its purported browsewrap license in support of its breach of contract claim. See D.E. 13, p.4. At first blush, it appears Plaintiff has remedied this deficiency with new FAC Exhibit 4. However, upon closer inspection, Plaintiff disingenuously provides a browsewrap license screenshot for a product not asserted in the FAC, i.e., for SolidWorks 2020. The FAC only purports to assert claims relating to SolidWorks 2000, 2001+, 2003, 2017 and 2021. Nowhere does it assert claims relating to SolidWorks 2020. This is not a mere clerical error.

Similarly, Exhibit 5 purports to be a copy of the License Agreement upon which Count III is based. See FAC, D.E. 15, ¶ 62. However, upon closer inspection, this document is not what Plaintiff contends it is. As seen on page 20 of Exhibit 5, this purported license agreement was necessarily created after May 2018. As such, it could not be the License Agreement associated

with any supposed browsewrap link for SolidWorks 2000, 2001+, 2003, and 2017, because it necessarily did not then exist. Again, this is not a mere clerical error.

As discussed in their earlier motion to dismiss, under Florida law[1], browsewrap agreements are generally not enforceable. See Goldstein v. Fandago Media, LLC, 2021 WL 6617447 at *5 (S.D. Fla. Jul. 27, 2021). They will only be enforced when (i) the user has actual knowledge of the terms and conditions or (ii) the hyperlink to the terms and conditions is conspicuous enough to put a reasonably prudent person on inquiry notice. Id.

While the FAC purports to attach the alleged terms and conditions associated with the referenced "link," Plaintiff does not include any information, e.g., screenshot, purporting to show the alleged link for the actual products for which claims are being asserted so that Defendants can ascertain whether the links are conspicuous enough so as to be on inquiry notice, as well as to identify any affirmative defenses with respect thereto. As such, Plaintiff should be compelled to attach a screenshot of the alleged "links" upon which the entirety of Count III is based, as well as the alleged associated terms and conditions.

## Temporal Information

Moreover, Plaintiff has made no effort to correct the other glaring deficiency identified in Defendants' earlier motion to dismiss. See D.E. 13, pp. 2-4. According to the FAC, Plaintiff has identified 427 unauthorized uses of its software. See, e.g., FAC, D.E. 15, ¶ 19. Moreover, Plaintiff allegedly has identified the IP address used during the unauthorized uses, see, e.g., id. at ¶¶ 20, 31, 37, 45, 50, as well as Wi-Fi Geolocation data associated with the unauthorized uses, see, e.g., id. at ¶¶ 38, 46. Moreover, Plaintiff now adds it has the capability to identify the dates alleged

---

[1] Florida law, rather than Massachusetts choice of law provision on the alleged website link, applies to resolve contract formation issues. Fridman v. 1-800 Contacts, Inc., 554 F.Supp.3d 1252, 1259 (S.D. Fla. 2021).

unauthorized uses ceased. See, e.g., id. ¶¶ 81, 85, 86. Conspicuously still absent, however, is any reference to the dates of the alleged unauthorized uses. As discussed more fully below, this information is imperative for the Defendants to respond to the FAC.

For instance, Defendants are unable to ascertain whether the three-year statute of limitations for copyright infringement precludes any or all of Plaintiff's claims for the alleged unauthorized uses. According to the FAC, at least some, if not all, of the alleged unauthorized uses on Computers 2 and 4 occurred prior to June 30, 2020. See id. at ¶ 79. As such, the dates of the alleged unauthorized uses are highly pertinent to Defendants' ability to assert affirmative defenses to the claims asserted against them.

Moreover, according to paragraphs 77 and 78 of the Complaint, in 2016, the parties resolved an alleged earlier unauthorized use of Plaintiff's software by Defendants. As a result of this prior history, Plaintiff was on direct notice of the necessity of due diligence with respect to these Defendants, and clearly had the means of exercising it, such that it cannot rely on an argument of a "discovery rule" when calculating the applicable statute of limitations. See generally, LCL Theatres, Inc. v. Columbia Pictures Indus., Inc., 566 F.2d 494, 498 (5th Cir. 1978). As such, the actual dates of the alleged unauthorized uses are even more relevant.

Finally, the dates of alleged unauthorized uses are necessary for Defendants to investigate the claims. To date, Defendants have been unable to identify any computers within their possession, custody or control with the asserted MAC addresses. Because of the significant time gap between the beginning of the alleged unauthorized uses, i.e., prior to June 2020, to the date of actually filing the Complaint, June 2023, this information is necessary for Defendants to identify what other defenses they may have. For instance, Defendants regularly provide internships to local university engineering students, some of which may have student or other types of authorized

licenses which are then used at Defendants' physical locations via Defendants' IP addresses. Defendants cannot even begin to investigate whether such a defense is available because they have no idea when these alleged unauthorized uses occurred.

Plaintiff's "monitoring technology" clearly has the means to identify the dates of the alleged 427 unauthorized uses. Plaintiff should be required to provide this information so that Defendants can ascertain the appropriate responses and affirmative defenses to the Complaint.

## CONCLUSION

In conclusion, the FAC should be dismissed or, alternatively, Plaintiff should be compelled to further amend its pleading to include the requested identified above so that Defendants may properly assert appropriate responses and affirmative defenses, without having to make guesses about the allegations against them.

WHEREFORE, Defendants respectfully request this Court grant this Motion to Dismiss, or in the Alternatively, for More Definite Statement, and grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

**OLIVE | JUDD**
*Attorneys for Defendants*
2426 East Las Olas Boulevard
Fort Lauderdale, Florida 33301
(954) 334-2250
(954) 334-2259 (f)

/s/ Benjamin E. Olive
Benjamin E. Olive, Esq.
Fla. Bar No.: 387983
bolive@olivejudd.com
Scott W. Dangler, Esq.
Fla. Bar No.: 429007
sdangler@olivejudd.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed via CM/ECF on August 7, 2023 and served on the parties of record by notice of electronic filing generated by CM/ECF.

/s/ Benjamin E. Olive
Benjamin E. Olive, Esq.
Fla. Bar No.: 387983
bolive@olivejudd.com
